UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GARRY SEVERIN,

                         Plaintiff,

-against-

CITY OF NEW YORK, TODD HABERSHAM, Individually,
TYRON POPE, Individually, CHRISTOPHER BRIECKE,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                         Defendants.

**COMPLAINT**

Docket No.

Jury Trial Demanded

APR 13 2012
U.S.D.C. S.D.N.Y.
CASHIERS

-----------------------------------------------------------------X

       Plaintiff GARRY SEVERIN, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

## Preliminary Statement

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

       4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff GARRY SEVERIN is a forty-nine year old Haitian American citizen of the United States who resides in Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, TODD HABERSHAM, TYRON POPE, CHRISTOPHER BRIECKE, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On May 13, 2011, at approximately 1:30 a.m., plaintiff GARRY SEVERIN was a lawful motorist in the vicinity of West 111th Street and Manhattan Avenue, Manhattan, New York.

13. At the aforesaid time and place, defendant officers unlawfully stopped plaintiff's vehicle, immediately opened plaintiff's door, grabbed plaintiff, pulled him out of his vehicle, and began searching him.

14. When plaintiff asked the defendant officers what was going on, they grabbed him, slammed him to the ground and continued searching him.

15. Although plaintiff was not in possession of contraband and had committed no crimes, the defendant officers placed handcuffs on plaintiff's wrists and imprisoned plaintiff in an NYPD van for approximately two hours.

16. Eventually, the defendant officers transported plaintiff to an NYPD precinct where plaintiff was imprisoned and subjected to a humiliating and unlawful strip search in a hallway. The defendants compelled plaintiff to remove his clothing, lift his genitals, spread his buttocks, squat and cough.

17. Thereafter, claimant was subjected to a second strip search in Manhattan Central Booking. The defendants compelled plaintiff to remove his clothing, squat and cough.

18. On May 13, 2011, at approximately 7:00 p.m., plaintiff was arraigned in New York County Criminal Court, on baseless charges filed under docket number 2011NY035130; said charges having been filed based on the false allegations of defendants BRIECKE, POPE, and HABERSHAM. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a

collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

19. On June 6, 2011, all the purported charges filed against plaintiff by the defendants were adjourned in contemplation of dismissal and subsequently dismissed and sealed in New York County Criminal Court.

20. Upon information and belief, defendant POPE supervised defendants HABERSHAM, BRIECKE, and JOHN and JANE DOE 1 through 10 and approved of, oversaw, and otherwise presided over the defendants' arrest, search and prosecution of the plaintiff.

21. Defendants POPE, HABERSHAM, BRIECKE, and JOHN and JANE DOE 1 through 10 participated in or failed to intervene in the illegal conduct described herein.

22. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

23. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained on when to stop, detain, arrest, and search individuals.

24. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

25. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

26. As a result of the foregoing, plaintiff GARRY SEVERIN sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff GARRY SEVERIN, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33. As a result of the foregoing, plaintiff GARRY SEVERIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants arrested plaintiff GARRY SEVERIN, without probable cause, causing him to be detained against his will for an extended period of time and subjected him to physical restraints.

36. Defendants caused plaintiff GARRY SEVERIN, to be falsely arrested and unlawfully imprisoned.

37. As a result of the foregoing, plaintiff GARRY SEVERIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff GARRY SEVERIN'S constitutional rights.

40. As a result of the aforementioned conduct of defendants, plaintiff GARRY SEVERIN was subjected to excessive force and sustained physical injuries and emotional distress.

41. As a result of the foregoing, plaintiff GARRY SEVERIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants strip searched plaintiff in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

44. Defendants thereby caused plaintiff GARRY SEVERIN to be deprived of his right to be free from unlawful strip searches.

45. As a result of the foregoing, plaintiff GARRY SEVERIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants maliciously issued criminal process against plaintiff by causing him to be arraigned and prosecuted in New York County Criminal Court.

48. Defendants caused plaintiff GARRY SEVERIN to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up his abuse of authority.

49. As a result of the foregoing, plaintiff GARRY SEVERIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants had an affirmative duty to intervene on behalf of plaintiff GARRY SEVERIN, whose constitutional rights were being violated in their presence by other officers.

52. The defendants failed to intervene to prevent the unlawful conduct described herein.

53. As a result of the foregoing, plaintiff GARRY SEVERIN, was subjected to false arrest, illegal strip search, and his liberty was restricted for an extended period of time, he was

put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, and subjected to unlawful strip searches.

54. As a result of the foregoing, plaintiff GARRY SEVERIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. The defendants falsely arrested, maliciously prosecuted, and illegally strip searched plaintiff GARRY SEVERIN because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

57. As a result of the foregoing, plaintiff GARRY SEVERIN was deprived of his rights under the Equal Protection Clause of the United States Constitution.

58. As a result of the foregoing, plaintiff GARRY SEVERIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.  The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

61.  As a result of the foregoing, plaintiff GARRY SEVERIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

62.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64.  The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, arresting individuals without probable cause and then engaging in falsification and/or committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of illegally strip searching individuals in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff GARRY SEVERIN'S

rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff GARRY SEVERIN.

66. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff GARRY SEVERIN, as alleged herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff GARRY SEVERIN, as alleged herein.

68. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff GARRY SEVERIN was unlawfully seized, detained, incarcerated, searched, and prosecuted.

69. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff GARRY SEVERIN'S constitutional rights.

70. All of the foregoing acts by defendants deprived plaintiff GARRY SEVERIN of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

      C.      To be free from malicious abuse of process;

      D.      To be free from false imprisonment/arrest;

      E.      To receive equal protection under law;

      F.      To be free from the failure to intervene; and

      G.      To be free from unlawful strip searches.

71.    As a result of the foregoing, plaintiff GARRY SEVERIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff GARRY SEVERIN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individually named defendants in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       April 13, 2012

                              LEVENTHAL & KLEIN, LLP
                              45 Main Street, Suite 230
                              Brooklyn, New York 11201
                              (718) 722-4100
                              By: _____
                                   BRETT H. KLEIN (BK4744)

Attorneys for Plaintiff GARRY SEVERIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

GARRY SEVERIN,

                                      Plaintiff,

                                                                                     Docket No.

      -against-

CITY OF NEW YORK, TODD HABERSHAM, Individually,
TYRON POPE, Individually, CHRISTOPHER BRIECKE,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                      Defendants.

----------------------------------------------------------------------X

## COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100